**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

LARRY GARONE PARKS,                                                      PLAINTIFF
# 128484

v.                                        2:22CV00230-JTK

ARKANSAS COUNTY DETENTION
CENTER, et al.                                                        DEFENDANTS


**<u>ORDER</u>**

Larry Garone Parks ("Plaintiff") is currently a participant at the Benton Work Release Unit of the Arkansas Division of Correction ("ADC"). His claims in this case arise from the time he was in custody at the Arkansas County, Arkansas, Detention Center (the "Detention Center"). (Doc. No. 1). He filed this action under 42 U.S.C. § 1983 without the help of a lawyer. Plaintiff sued the Detention Center, the Arkansas Department of Corrections, Arkansas County Sheriff Dean Mannis, Detention Center Administrator Tyran McCradic, and Maintenance Clayton Evans (collectively, "Defendants") in their personal and official capacities. (Doc. Nos. 1, 5).

On March 20, 2024, Defendants Mannis, McCradic, and Evans (collectively, "Defendants")[1] filed a Motion for Summary Judgment on the merits of Plaintiff's claims, along with a Brief in Support and Statement of Facts. (Doc. Nos. 43-45).

On March 25, 2024, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by April 24, 2024. (Doc. No. 46). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to

---

[1] Plaintiff's claims against the Arkansas County Detention Center and the Arkansas Department of Corrections already have been dismissed. (Doc. Nos. 8, 15).

prosecute.   (Id.)   By separate Order, the Court also advised Plaintiff that in deciding Defendants'

Motion it would consider certain evidence and arguments not raised by Defendants.   (Doc. No.

47).   Plaintiff has filed a Notice that the Court will consider a response to Defendants' Motion.

(Doc. No. 48).

     After careful consideration, and for the reasons set out below, Defendants' Motion for

Summary Judgment (Doc. No. 43) is GRANTED.[2]

## I.    Plaintiff's Complaint, as Amended

     In his Complaint, Plaintiff identified himself as serving a sentence as a result of a judgment

of conviction at the time the incidents giving rise to this lawsuit took place.[3]   (Doc. No. 1 at 3).

According to Plaintiff, he is a "witness to the maggots in the dinner tray on" November 30, 2022.

(Id. at 8).   He is also a "witness of pod cell B9, 10 not working with stomach wastes."   (Id.).

Additionally, Plaintiff said in pod cell B1 there was no running water, and "the showers [were] not

working except one of them."   (Id.).   Plaintiff further complained that "shower pipes are visible,

electric wire visible, and running water on the floor from BPod Cell 1."   (Id. at 8).   Plaintiff also

says they are locked in their cells and guards have to unlock the cells with keys.   (Id.).

     Plaintiff refined his claims in his Amended Complaint.   (Doc. No. 5).   In his Amended

Complaint, Plaintiff says is "still stepping in the dirty water in the day room" and that there is still

mold in the shower.   (Id. at 1).   According to Plaintiff, "they just painted over it cell B9, B10."

(Id.).   Plaintiff says the toilet in pod cell B9, 10 is still not working and he is exposed to the

---

[2] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment.   (Doc. No. 27).

[3] In Plaintiff's deposition, he explained that he was on probation at the time he was booked in at the Detention Center, as well as facing new charges for aggravated assault.   Plaintiff's Probation was revoked.   (Doc. No. 43-2 at 6:16-7:25).

terrible odor in his cell, B8, just next door to B9, 10.    (Id.).    Plaintiff asserts that the food is undercooked and he always checks the food for maggots.    (Id. at 2).    Plaintiff maintains that Clayton Evans, Tyran McCradic, and Dean Mannis "know of the situation" in the Detention Center.    (Id.).    Additionally, the water "comes out brown at times," inmates don't get to go outside for yard call, and inmates in B2 are exposed to electrical wires, but they're not trying to fix anything."    (Id.).    Plaintiff seeks damages.    (Doc. No. 1 at 5).

## II.    Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.    See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).    "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"    Id. at 1135.    Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### III.    Analysis

As an initial matter, Plaintiff filed a Notice that the Court interprets as a response to Defendants' Motion for Summary Judgment.  (Doc. No. 48).  The Notice includes affidavits from three other inmates.  (Id.).  But, despite instruction from the Court, Plaintiff has not controverted any material fact set forth by Defendants in their statement of undisputed material facts.  The Court specifically advised Plaintiff that he must "also separately file a Statement of Disputed Facts . . . ."  (Doc. No. 46).  Plaintiff did not do so.  Accordingly, all material facts submitted by Defendants (Doc. No. 45) are deemed admitted.   Local Rule 56.1(c); FED. R. CIV. P. 56(e).

### A.    Personal Capacity Claims

Plaintiff's claims fall under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

To state an Eighth Amendment claim challenging conditions of confinement, an inmate must show the alleged violation is "'objectively [and] sufficiently serious,'" that is, the inmate "'is incarcerated under conditions posing a substantial risk of serious harm.'"  Kulkay v. Roy, 847 F.3d 637, 642-43 (8th Cir. 2017).   An inmate must also show that the defendant knew of the risk and failed to respond to it in a reasonable way.   Id. at 643.

4

**B.**     **Defendants McCradic and Mannis**

In his Complaint, as amended, Plaintiff asserted that Defendants McCradic and Mannis knew about the conditions at the Detention Center.   Plaintiff provided no further information about his claims against these Defendants in his Complaint, as amended.   During his deposition, Plaintiff testified about the nature of his claims against Defendants McCradic and Mannis.

With respect to Defendant McCradic, Plaintiff testified as follows:

| | |
|---|---|
| Question: | Okay. Well, you've also sued Tyran McCradic.   Is he the jail administrator? |
| Plaintiff: | Yes. |
| Question: | Did you sue him because you think he's in charge of the jail, and so – |
| Plaintiff: | Yes. |
| Question: | Okay. |
| Plaintiff: | Because he knows about everything that's going on. |
| Question: | You think in an oversight role he should make sure that – |
| Plaintiff: | Right. |
| Question: | – those conditions are taken care of.   Okay.   Do you think he – do you think he – do you think it was his job to fix everything, or is it you're purely suing him as a supervisor. |
| Plaintiff: | As a supervisor. |

(Doc. No. 43-2 at 20:3-20:18).

As to Defendant Mannis, Plaintiff's relevant testimony follows:

| | |
|---|---|
| Question: | Okay.   And Dean Mannis, the sheriff, you've also sued him.   Do you – do you have any specific allegations about him, or are you suing him – |
| Plaintiff: | Because he's – |

Question:      -- as the person in charge as well?

Plaintiff:      Because he's the person in charge as well.

(Id. at 20:19-20:24).

Plaintiff's testimony makes clear that his claims against Defendants McCradic and Mannis are based on their supervisory status.   But there is no supervisory liability under 42 U.S.C. § 1983. As such, Plaintiff has failed to state a claim on which relief may be granted against Defendants McCradic and Mannis.   There is no genuine issue of fact in dispute that would make granting Defendants' Motion inappropriate as to Defendants McCradic and Mannis.   Because Plaintiff's personal capacity claims against these Defendants fail, Plaintiff's official capacity claims also fail.

### C.      Defendant Evans

In Plaintiff's Amended Complaint, he alleges that "every time [Defendant Evans] comes in the pod we voice our concerns but nothing gets done."   (Doc. No. 5 at 2).   Plaintiff also alleged Defendant Evans "know[s] of the situation" at the Detention Center.   (Id.).   In his Amended Complaint, Plaintiff did not provide detail about which dangerous conditions Defendant Evans knew about but ignored.   Kulkay, 847 F.3d at 642-43.

During his deposition, Plaintiff provided additional details about the conditions at the Detention Center.   As to the water in the day room, Plaintiff said the water came out of the drain on the floor and created an area of standing water.   (Doc. No. 43-2 at 12:24-13:22).   Plaintiff claims there was black mold in the shower and around the vents.   (Id. at 14:23-15:3).   Plaintiff says that as a result of the mold, he caught a cold.   (Id. at 15:8-16:6).   Plaintiff did not see a doctor until he went to prison.   (Id. at 15:19).   The doctor prescribed Plaintiff cold medicine.   (Id. at 15:23-16:5).   Plaintiff said that when he got to the Detention Center in September 2022, there was a toilet had maggots and waste in it that had been sitting that way for over a year.   (Id. at 16:6-

6

17:25).   Plaintiff maintains the conditions at the Detention Center made his high blood pressure worse, but a doctor never told him that.   (Doc. No. 43-2 at 17:1-17:9).   Plaintiff identified one instance when there were maggots in the food.   (Id. at 17:15-18:24).   Defendant Evans did not serve the meal that day.   (Id. at 19:19-19:24).

Plaintiff also explained why he sued Defendant Evans.   When Plaintiff was asked why he believes Defendant Evans is responsible for the conditions at the Detention Center, Plaintiff explained that Defendant Evans "was the maintenance man.   He was so-called the maintenance man, and he's the reason why – you're supposed to fix it.   You're supposed to – if you're a maintenance man, you are supposed to fix the problems with the drains, the toilet, the – the vents." (Id. at 19:4-8).

While Plaintiff alleges Defendant Evans was aware of the conditions at the Detention Center, Plaintiff provides little detail of what, exactly, Defendant Evans knew and when.   For example, Defendant Evans was not involved with delivering the maggot-infested meal on November 30, 2022.   There is no evidence in the record that Defendant Evans knew of the problem with the food but failed to do anything about it.   And even accepting that allegation as true and assuming Plaintiff did not receive a meal on November 30, 2022, this allegation fails to state a claim on which relief may be granted.    The law in the Eighth Circuit is clear that, without anything further, one missed meal does not rise to the level of a constitutional violation.   Williams v. Harness, 221 F.3d 1346 (8th Cir. 2000) (per curiam).

Plaintiff has alleged that there was "black mold" in the shower and vents.   But even accepting that allegation as true, Plaintiff has not come forward with any evidence that the mold present at the Detention Center was toxic.   See Stacy v. Rice, No. 4:17-CV-153-SWW-BD, 2018 WL 1802560, at *3 (E.D. Ark. Mar. 28, 2018), report and recommendation adopted, No. 4:17-CV-

153-SWW-BD, 2018 WL 1796538 (E.D. Ark. Apr. 16, 2018) (citing Erin Masson Wirth, Toxic Mold in Residences and Other Buildings: Liability and Other Issues, 114 A.L.R. 5th 397, § 2a (2003)("of 100,000 species of mold, most are not dangerous")).   Further, the Detention Center passed the Arkansas Department of Corrections Criminal Detention Facilities inspection on October 27, 2022.   (Doc. No. 43-1 at 9 – 17).   The inspection took into consideration the physical condition of the Detention Center, among other things.   (Id. at 10, 15).   Additionally, Plaintiff did not provide any records revealing the medical care he sought.   And there is no medical evidence supporting Plaintiff's claims that conditions at the Detention Center harmed him.

Plaintiff does not allege that he was denied showers.   Instead, he complains that showers did not work well.   And Plaintiff did not reside in the cell with the filthy toilet; Plaintiff's cell was next to that cell.   As such, Plaintiff cannot pursue a claim that he was deprived of a working commode.   Plaintiff was, however, exposed to the terrible smell from the neighboring cell.

Plaintiff says he was not taken outside for yard call.   The Court is not aware of precedent from the Eighth Circuit Court of Appeals establishing an inmate's right to outdoor exercise.   And other Circuits are split on the issue.   See Roos v. Clark, No. 419CV00895BRWPSH, 2022 WL 4229981, at *10 (E.D. Ark. Aug. 26, 2022), report and recommendation adopted, No. 419CV00895BRWPSH, 2022 WL 4225965 (E.D. Ark. Sept. 13, 2022) (gathering cases).   The right to outdoor exercise, then, is not clearly established in the Eighth Circuit.   Burton v. Richmond, 370 F.3d 723, 730 (8th Cir. 2004).

Considering one by one the conditions about which Plaintiff complained, and viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff has not established that Defendant Evans was deliberately indifferent to a substantial risk of harm to Plaintiff.   The Court will also consider the conditions in combination.   "*Some* conditions of confinement may establish

8

an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . . ." Wilson v. Seiter, 501 U.S. 294, 304 (1991). Plaintiff has not shown how, through the conditions of his confinement, he was deprived of any single identifiable need.  As such, even when considered in combination the conditions at the Detention Center do not rise to the level of a constitutional violation.   It is beyond question that the conditions at the Detention Center were uncomfortable.  "But the Constitution does not mandate comfortable prisons[.]"  Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981).

In response to Defendants' Motion, Plaintiff submitted the affidavits of three individuals who were in custody in the Detention Center at the same time he was.  (Doc. No. 48).  The affidavits mention conditions at the Detention Center, but do not mention Defendant Evans or otherwise indicate how Defendant Evans may have violated Plaintiff's rights.

Because Plaintiff's personal capacity claims against Defendant Evans fails, Plaintiff's official capacity claims also fail.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor.   Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).   Under the circumstances specific to this case, no reasonable jury could find in Plaintiff's favor.   As such, Defendants' Motion will be granted.

**IV.     Conclusion**

Defendants' Motion for Summary Judgment (Doc. No. 43) is GRANTED.   Plaintiff's

claims against Defendants Evans, Mannis, and McCradic are DISMISSED with prejudice.

IT IS SO ORDERED this 1st day of May, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE